# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KAREN MANGO,

    Plaintiff,

v.

DETR, State of Nevada, Unemployment Office,

    Defendant.

2:10-CV-457 JCM (RJJ)

# ORDER

Presently before the court is defendant State of Nevada, Department of Employment, Training and Rehabilitation, Employment Security Division's (hereinafter "ESD") motions to dismiss (doc. #11 and #15). Plaintiff Karen Mango has failed to file an opposition.

Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in

**James C. Mahan**
**U.S. District Judge**

favor of granting the motion to dismiss. Additionally, the present motion to dismiss has merit.

Plaintiff served a summons and complaint on the State of Nevada, Office of the Attorney General on October 28, 2010. The complaint asserts claims for relief under 42 U.S.C. §1983, Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA") against defendant. Plaintiff is requesting back pay from November 15, 2008, until the present, and to be reinstated to her former position. As of the date of this order, plaintiff has failed to serve ESD.

In the present motions to dismiss (docs. #11 and #15), the defendant asserts that the plaintiff's complaint should be dismissed due to (1) the insufficient service of process, (2) the fact that plaintiff has not established personal jurisdiction over ESD, (3) the fact that plaintiff cannot proceed with her claims because she is precluded by the 11th Amendment sovereign immunity, and (4) that plaintiff has failed to state a claim upon which relief can be granted.

**Insufficient Service of Process**

Pursuant to Federal Rule of Civil Procedure 4(j)(2), a state which is subject to a suit "must be served by (a) delivering a copy of the summons and complaint to its chief executive officer; or (b) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Further, Nevada Revised Statute 41.031(2)(a) and (b) prescribe that the plaintiff must serve the Attorney General or a person designated by the Attorney General in Carson City, NV and that plaintiff must also serve the head of the named agency.

Defendant asserts that although plaintiff served the attorney general's representative in Carson City, NV, she has not served the head of ESD, Director Larry Mosley. Therefore, as service of process was insufficient, the court is inclined to dismiss the case.

Further, Federal Rule of Civil Procedure 4(m) provides that: "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Plaintiff filed her complaint on May 11, 2010. (Doc. #6). Here, defendant asserts that the plaintiff has failed to serve ESD with the summons within the allotted time frame. Therefore, the case should be dismissed on these grounds as well.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Jurisdiction Over ESD**

For the court to exercise personal jurisdiction over a party, the party must be served with a summons. *Mississippi Pub. Corp. v. Murphee,* 326 U.S. 438, 444-445 (1946). As plaintiff in this case has not served Director Mosley or ESD, the court does not have personal jurisdiction over the defendants, and the case should be dismissed.

**Eleventh Amendment Sovereign Immunity**

"The Eleventh Amendment prohibits suits against a state by its own citizens or citizens of other states in federal court," unless "the [s]tate has waived its immunity..." *Eugster v. Washington State Bar Ass'n,* CV 09-357-SMM 2010 WL 2926237 at*8 (E.D. Wash July 23, 2010); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989). The State of Nevada has not waived its 11th Amendment immunity from such suits. *See* NRS 41.031(3).

As stated above, the plaintiff asserts claims for relief under § 1983, ADA, and ADEA against ESD. However, as "[a]n entity with 11th Amendment immunity is not within the meaning of § 1983," that claim cannot survive. *Howlett By and Through Howlett v. Rose,* 496 U.S. 356, 376 (1990). Further, as with the § 1983 claim, the 11th Amendment immunity bars claims brought under ADA. *Brd. of Trustees of the Univ. Of Ala v. Garrett,* 531 U.S. 356, 374 (2001); *See Savage v. Glendale Union High School,* 343 F.3d 1036, 1040 (9th Cir. 2003). Lastly, claims under ADEA are also barred by 11th Amendment immunity and cannot survive. *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 83 (2000). Thus, the claims must be dismissed.

**Plaintiff's Failure to State A Claim**

The defendant asserts that the plaintiff has failed to state a claim upon which relief can be granted under ADA and ADEA, because she has not alleged facts sufficient to support her claims. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide a defendant "fair notice of what the...claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) will be granted if, "when construed in the light most favorable to plaintiff, [the complaint] fails to plead sufficiently

1  all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D.Cal. 1998).

Defendant asserts that the plaintiff has not specified which section of the ADA her claims are brought under. Title I of the ADA pertains to employment, and in order to show a prima facia case of discrimination, the plaintiff must show "1) she is disabled within the meaning of the ADA, 2) she is able to perform the essential functions of the job with or without reasonable accommodations, and 3) she suffered an adverse employment decision because of her disability." *Risteen v. Wal-Mart Stores, Inc.,* No. 09-6020-AA 2010 WL 1838105 at*3 (D. Or April 30, 2010).

In the plaintiff's complaint, she alleges that she had problems with her supervisors, that they were harassing her and that she was asked to supply them with a list of all the medications she was taking. However, she did not specify the nature of her alleged disability or if it was under the ADA's meaning of 'disability' as required. Further, no facts were asserted that her alleged disability was a factor in her being released from probation. Therefore, she has failed to plead essential elements of the claim for relief as required by Fed. R. Civ. P. 12(b)(6).

Further, with regards to the claim brought under the ADEA, the defendant asserts that the plaintiff has failed to meet the requirements of Fed. R. Civ. P. 12 (b)(6). To establish a claim under ADEA, the plaintiff must show that she was discharged or otherwise discriminated against with respect to her compensation, terms, conditions or other privileges of employment and that she was over 40 years of age. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.,* 389 F.3d 802, 811 (9th Cir. 2004); 29 U.S.C. § 623(a)(1); 29 U.S.C. §621(a).

Since the plaintiff has not stated her age in the complaint nor provided the court with any information regarding her age, the plaintiff has failed to plead an essential element of the claim. Fed. R. Civ. P. 12 (b)(6). Therefore, this claim should be dismissed.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant State of Nevada, Department of Employment, Training and Rehabilitation, Employment Security Division's motions to dismiss (doc. #11 and #15) be, and the same hereby are, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   IT IS THEREFORE ORDERED that the case be DISMISSED against defendant State of
2   Nevada, Department of Employment, Training and Rehabilitation, Employment Security Division,
3   without prejudice.
4   DATED January 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -